# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

TAVORIS LA'ROHN JOHNSON,    )
                            )
    Plaintiff,              )
                            )
v.                          )    Case No. CV415-095
                            )
JUNE FOGLE,                 )
                            )
    Defendant.              )

## REPORT AND RECOMMENDATION

Inmate Tavoris La'Rohn Johnson brings this 42 U.S.C. § 1983 case against his "public defender" because of a defect in his pending state criminal proceedings (his right to a preliminary hearing allegedly was waived without his consent). Doc. 1. He seeks both damages and an order directing the state court to grant him a "full acquittal" of all pending charges. *Id.* at 6.[1]

---

[1] As Johnson is proceeding *in forma pauperis*, docs. 3, 4, & 5, the Court is screening his case under 28 U.S.C. § 1915(e)(2)(B)(ii), to determine whether he has stated a cognizable claim for relief. *See also* 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief), or seek monetary relief from a defendant immune from such relief), and 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions").

Johnson's case is dead on arrival. First, § 1983 affords him no remedy for the injunctive relief he seeks -- the dismissal of the state criminal charges. "[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."); *Cooks v. Sec'y, Fla. Dep't of Corr.*, 599 F. App'x 940, 941 (11th Cir. 2015) (district courts must "'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement--either directly through an injunction compelling speedier release or indirectly through a

---

The Court applies Fed. R. Civ. P. 12(b)(6) standards here. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278–79 (11th Cir. 2001). Allegations in the complaint are thus viewed as true and construed in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011). But conclusory allegations fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a 12(b)(6) dismissal). "[T]he pleading standard [Fed. R. Civ. P.] 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (*pro se* pleadings are still construed liberally after *Iqbal*).

judicial determination that necessarily implies the unlawfulness of the State's custody.'") (quoting *Wilkinson*, 544 U.S. at 81); *Harris v. Purvis*, 2015 WL 3439857 at * 1 (S.D. Ga. May 27, 2015).[2]

Second, and to the extent Johnson's criminal case is still ongoing, this Court would decline to exercise its jurisdiction to enjoin those proceedings. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 F. App'x 812, 813 (11th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Rare exceptions to that rule: (1) there is a "great and immediate" danger of irreparable harm to be suffered as a result of the prosecution; (2) the state law is flagrantly and patently violative of the federal constitution; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances call for equitable relief. *Mitchum v. Foster*, 407 U.S. 225,

---

[2] Before Johnson can bring a federal habeas action, he must first exhaust his available state remedies through either a direct appeal or a petition for collateral relief. *Wilkinson*, 544 U.S. at 79 (federal "habeas corpus actions require a petitioner fully to exhaust state remedies, which § 1983 does not"); 28 U.S.C. § 2254(b), (c). If he wishes to proceed via habeas corpus, he must submit a separate petition in compliance with the applicable rules. Such petition, however, would be subject to immediate dismissal for lack of exhaustion of his available state remedies.

230 (1972) (citing *Younger*, 401 U.S. at 46–54); *Cole v. State of Fla.*, 2010 WL 2711861 at * 3 n. 4 (N.D. Fla. Jun. 3, 2010). Johnson has not met any of those exceptions. *See King v. Stokes*, 2011 WL 4083608 at * 2 (S.D. Ga. Sept. 13, 2011).

Third, § 1983 affords a civil remedy only against those officials who, while acting under color of their state authority, deprive the plaintiff of a federal right. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). It is well settled, however, that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir.1985). Johnson, therefore, cannot recover damages against his defense counsl under § 1983, even if she improperly waived his right to a preliminary hearing.[3]

Given the patent baselessness of Johnson's Complaint, it must be **DISMISSED WITH PREJUDICE** and a re-pleading option is not

---

[3] Nor does it appear likely that Johnson could recover against any state official simply because he was not afforded a formal probable cause hearing. Johnson never alleges that there was a *lack* of probable cause for his arrest or prosecution, only that his attorney waived his right to a formal hearing without his consent. Absent a claim that probable cause was lacking, Johnson could not assert a claim for false arrest or for malicious prosecution against any state official. *See Larry v. Mercer*, No 15-12153-E (11th Cir. Nov. 17, 2015).

warranted. *Dysart v. BankTrust*, 516 F. App'x 861, 865 (11th Cir. 2013) ("[D]istrict court did not err in denying Dysart's request to amend her complaint because an amendment would have been futile."); *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426-27 (11th Cir. 2010); *Simmons v. Edmondson*, 225 F. App'x 787, 788-89 (11th Cir. 2007) (district court did not err in dismissing complaint with prejudice without first giving plaintiff leave to amend because no amendment could have overcome the defendants' immunity). Also because of its frivolity, this case should be recorded as a "strike" under 28 U.S.C. § 1915(g).

Meanwhile, Johnson must pay his $350 filing fee. His furnished account information shows that he has had a $117.30 average monthly balance in his prison account during the past six months. Doc. 5. He therefore owes a $23.46 initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Plaintiff's custodian (or designee) therefore shall remit that amount, then set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO REPORTED AND RECOMMENDED**, this 28TH day of January, 2016.

_____
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**